Richard KOLKE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–15842.

Court of Criminal Appeals of Oklahoma.

March 2, 1973.

Carroll Samara, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Gary M. Bush, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Richard Kolke, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–69–2353, for the offense of Sale of Marijuana. His punishment was fixed at five (5) years imprisonment and a fine of Two Thousand Five Hundred Dollars ($2,500.00), and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the proposition asserted, we do not deem it necessary to recite a detailed statement of facts. The State's evidence adduced that on the evening of July 10, 1969, the defendant sold a "baggie" of a green leafy substance, later identified as marijuana, to undercover officer John Kane. Officer Kane and Informant Ban-

ta, who was present at the time of the sale, both testified to substantially the same facts. Officers Burns and Legg testified that they were working surveillance of Officer Kane and observed some type of transaction between Kane and the defendant by the use of binoculars. John McAuliff, chemist for the Oklahoma State Bureau of Investigation, identified the green leafy substance as marijuana.

For the defense, two witnesses testified as to defendant's good character and reputation. The defendant admitted being at the scene and talking with Officer Kane and the informant but denied the sale of marijuana.

 The sole proposition asserts that the verdict and sentence imposed upon the defendant was grossly excessive. We have consistently held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and this Court does not have the power to modify the same unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264. From the foregoing statement of facts, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court. Defendant states in his brief that there is no possible way that he could set aside the fine imposed short of serving the same by way of confinement. Therefore, in the interest of justice, the judgment and sentence is modified to a term of five (5) years imprisonment, and as so modified, is affirmed.

Modified and affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in part and dissents in part.

BRETT, Judge (concurs in part, and dissents in part).

I concur that the record reflects sufficient evidence to sustain this conviction; but I dissent to the sentence imposed, which I consider to be excessive. This is the first conviction sustained by this nineteen year old defendant, and I believe he is entitled to receive the minimum sentence of two (2) years, without the imposition of a fine. Therefore, I dissent to the five (5) year prison sentence and the $2,500.00 fine.